LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

NO. 29890

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

2010 JUN 23 AM 8:45 FILED

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAANOI N.L.K.K. POOUAHI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(Case No. 1DTC-08-033044)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Kaanoi N.L.K.K. Poouahi (Poouahi) appeals the judgment entered on May 11, 2009 in the District Court of the First Circuit, Wai'anae Division (district court).[1]

Poouahi was convicted of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (OVLSR), in violation of Hawaii Revised Statutes (HRS) § 291E-62(a)(1) or (2) (2007) and Excessive Speeding, in violation of HRS § 291C-105(a)(1) (2007 & Supp. 2009).

On appeal,[2] Poouahi contends (1) the district court erred by admitting a speed check card under a business record exception (2) the State failed to lay the requisite foundation for admission of the speed check card, (3) the officer's testimony failed to establish the accuracy of his speedometer, and (4) the State failed to disprove his defense of choice-of-evils pursuant to HRS § 703-302 (1993).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Lono Lee presided.

[2] At trial, Poouahi objected to the admission of the speed check evidence.

the arguments advanced and the issues raised by the parties, we resolve Poouahi's points of error as follows:

It does not appear that the speed check card was admitted into evidence. Therefore, Poouahi's claim that the district court erred by admitting the speed check card under a business record exception to hearsay and failed to lay the proper foundation for its admission is without merit.

However, the State failed to lay sufficient foundation to admit testimony regarding the results of the speed check card. The results of the speed check were inadmissible because there was no testimony by Officer Byron Marfield[3] (Officer Marfield) regarding (1) whether the speed check was performed in the manner specified by the manufacturer of the equipment used to perform the check or the identify and (2) the qualifications of the person performing the check, including whether that person had whatever training the manufacturer recommends in order to competently perform the speed check. State v. Fitzwater, 122 Hawai'i 354, 376-77, 227 P.3d 520, 542-43 (2010). Without the results of the speed check card, there was insufficient evidence to convict Poouahi of Excessive Speeding as the only evidence of Poouahi's speed at the time of the offense was based on Officer Marfield's speedometer.

Turning to Poouahi's choice of evils defense, we note that there was conflicting testimony regarding the extent of his injuries when he was stopped for speeding.

The district court did not believe Poouahi's testimony that his eye was swollen shut and bleeding when he was stopped by Officer Marfield. The district court believed Officer Marfield's testimony that Poouahi merely had some redness on his face and did not tell the officer that Poouahi had an emergency. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the

---

[3] Officer Byron Marfield's name was taken from the text of the May 11, 2009 transcript.

evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, brackets, and citation omitted). Considering the evidence found credible by the district court in the light most favorable to the prosecution, Poouahi had only redness on his face, was not seriously injured, and was not experiencing an emergency when he was operating a vehicle without a license on the date in question. Thus, Poouahi failed to establish his choice of evils defense.

Therefore,

IT IS HEREBY ORDERED that the May 11, 2009 judgment of the District Court of the First Circuit, Wai'anae Division is reversed in part and affirmed in part. The conviction for Excessive Speeding is reversed and the conviction for OVLSR is affirmed.

DATED: Honolulu, Hawai'i, June 23, 2010.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender
for Defendant-Appellant.

Presiding Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge